NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2569
_____

KENOBI RAMIREZ,
                                   Appellant

v.

HECTOR LORA, individually and in his official capacity; LUIS GUZMAN, individually
and in his official capacity; CITY OF PASSAIC
_____

On Appeal from the United States District Court
for the District of New Jersey
District Judge: Honorable Kevin McNulty
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on September 5, 2024

Before: JORDAN, HARDIMAN, and PORTER, *Circuit Judges.*

(Filed: November 6, 2024)

_____

OPINION[*]
_____

_____
[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PORTER, *Circuit Judge*.

Kenobi Ramirez appeals the summary judgment rejecting his § 1983 political retaliation claims against the City of Passaic ("City") and Mayor Hector Lora. Ramirez argues that the District Court made credibility judgments and factual findings that should have been left to a jury. We disagree and will affirm the District Court's order.

I

Ramirez has served the City as a police officer since 2003. In 2014, Ramirez sat for a civil service examination, a process that results in a ranked list of officers based on test score, seniority, and disciplinary record. As opportunities arise, the City may promote officers starting from the top of the list and working down. Following the 2014 exam, Ramirez was ranked nineteenth for promotion to sergeant. By August 2017, the eighteen officers ranked above Ramirez had all been promoted, placing him next in line. But the City made no new promotions from that time until September 2018. By that point, a new examination had taken place, and Ramirez was ranked forty-eighth on the new ranking list.

Earlier in 2017, Ramirez's name neared the top of the sergeant's promotion list during the municipal election season. Ramirez's sister Jeanny was a member of a ticket challenging the incumbent Mayor Lora. Ramirez believes that Mayor Lora and the City deliberately stopped offering promotions while he was next in line for sergeant in retaliation for Ramirez's political support for his sister. Accordingly, he sued Mayor Lora and the City, asserting claims under 42 U.S.C. § 1983 and the New Jersey Civil Rights

Act.[1]

Ramirez's only direct evidence suggestive of retaliation was his deposition testimony about a conversation he had with Deputy Chief Louis Gentile in the summer of 2017. Ramirez says Gentile told him that he "did not see why [Ramirez] would not get promoted to sergeant if someone retired." App. 442. Beyond this conversation, Ramirez's evidence focused largely on countering other, allegedly pretextual reasons for the non-promotion by claiming, for example, that the department was operating below the limit on sergeants, or that there were no budgetary concerns preventing promotion.

Mayor Lora and the City moved for summary judgment. Ramirez filed a response not merely contesting the arguments, but also introducing new facts. In a signed certification attached to his response, Ramirez now recalled a second conversation with Gentile in the fall of 2017. Ramirez alleged that in that discussion, Gentile told him that he was not being promoted because of his political support for Mayor Lora's opponent.

The District Court heard oral argument on the summary judgment motion. Mayor Lora and the City argued that the District Court should disregard Ramirez's eleventh-hour revelation as a sham affidavit—an improper attempt to invent a factual dispute where none existed. While the District Court was suspicious of Ramirez's serendipitous recollection, it found no direct contradiction between the new affidavit and his prior sworn testimony.

---

[1] Ramirez's complaint also included claims under 42 U.S.C. § 1985 and New Jersey's Conscientious Employee Protection Act, N.J. Stat. Ann. §§ 34:19-1–19-14, as well as claims against Defendant Luis Guzman. The District Court granted summary judgment to defendants on those claims, and Ramirez does not challenge those rulings on appeal.

Viewing the alleged statement in the light most favorable to Ramirez, the District Court concluded that it could not grant summary judgment on the political retaliation claim. But the Court was also unwilling to go to trial because of a single statement that had not been tested in discovery. Accordingly, the Court gave Mayor Lora and the City the option to reopen discovery on the narrow issue of the alleged second statement made by Gentile. The Court noted that for Gentile's purported statement to be material to the issue, "that admission would have to be accompanied by some evidence that Gentile, if he made the statement, was not merely, *e.g.*, repeating rumors, but was speaking from knowledge about the Mayor's decision." App. 699.

The reopened discovery resulted in affidavits from Gentile and Chief of Police Luis Guzman. Gentile denied any recollection of the fall 2017 meeting. Both Gentile and Guzman also claimed that, in any event, Gentile would not have been privy to any official discussions regarding promotions at that time. Ramirez sat for another deposition, where he was asked (1) if Gentile had ever disclosed the source of his information; and (2) if Ramirez had any evidence to establish that Gentile was stating facts rather than passing on rumor or opinion. Ramirez answered "no" to both questions. App. 737, 739. Ramirez did volunteer his belief that Gentile and Mayor Lora are friends because he saw the two together years later at a food drive. He also described a conversation with a colleague, who recounted hearing a statement by Gentile similar to the alleged fall 2017 statement around that same time period.

Mayor Lora and the City again moved for summary judgment on the political retaliation claim, and this time they succeeded. The District Court found that Ramirez

4

had failed to produce any evidence on the narrow issue of establishing a foundation for the alleged fall 2017 statement. Whether Mayor Lora and Gentile were friends in 2020 was not probative of Gentile's knowledge of promotion policy in 2017, nor was an alleged second-hand account essentially repeating the same fall 2017 statement. By contrast, the evidence adduced by Mayor Lora and the City cut against the possibility that Gentile's fall 2017 statement, assuming it happened, could have been based on actual knowledge of retaliatory animus. The District Court concluded that, viewing the evidence as a whole, and construing it in Ramirez's favor, no reasonable jury could find that political retaliation was a motivating factor in Ramirez's non-promotion. The Court granted the motion for summary judgment.

Ramirez appeals.

## II[2]

"We review a district court's grant or denial of summary judgment de novo." *Baloga v. Pittston Area Sch. Dist.*, 927 F.3d 742, 751 (3d Cir. 2019). Summary judgment is appropriate only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "genuine" if "a reasonable jury could return a verdict for the nonmoving party," and a fact is "material" where "its existence or nonexistence might impact the outcome of the suit under the applicable substantive law." *Baloga*, 927 F.3d at 752 (quoting *Santini v. Fuentes*, 795 F.3d 410, 416 (3d Cir. 2015)). "At the summary judgment stage, our role is

---

[2] The District Court had jurisdiction under 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291.

'not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial,' and like the District Court, we must review the facts in the light most favorable to the nonmoving party." *Id.* (alteration in original).

A

Ramirez argues on appeal that the District Court improperly weighed the evidence by making credibility determinations about Gentile's and Guzman's affidavits that should have been left to a jury. Not so.

To state a political retaliation claim under § 1983, a plaintiff must first make out a prima facie case, in part by showing that his constitutionally protected political conduct "was a substantial or motivating factor in the government's employment decision." *Galli v. New Jersey Meadowlands Comm'n*, 490 F.3d 265, 271 (3d Cir. 2007). If the plaintiff successfully demonstrates a prima facie case, the burden shifts to the employer to prove by a preponderance of the evidence that "the same employment action would have been taken even in the absence of the protected activity."[3] *Id.* (quoting *Stephens v. Kerrigan*, 122 F.3d 171, 176 (3d Cir. 1997)). As the District Court noted in its order denying summary judgment and reopening discovery, Gentile's alleged fall 2017 statement, assuming it occurred, could be material to demonstrating a prima facie case *if* there was reason to believe that Gentile "knew what he was talking about." App. 695. At that point, the only evidence for the statement was Ramirez's self-serving and inexplicably tardy

---

[3] Ramirez's claim under the New Jersey Civil Rights Act is considered under the same framework. *See Hedges v. Musco*, 204 F.3d 109, 120 n.12 (3d Cir. 2000); *Tumpson v. Farina*, 95 A.3d 210, 223 (N.J. 2014).

affidavit—a thin reed on which to hang a genuine dispute. The District Court therefore gave all parties a chance to supplement the record to prove or disprove the fact of the fall 2017 statement or, failing that, to prove or disprove that Gentile would have the basis to make such a statement knowledgably.[4]

Mayor Lora and the City took up the District Court's invitation; Ramirez did not. Mayor Lora and the City not only secured affidavits from Gentile and Guzman, they also re-deposed Ramirez, eliciting his straightforward admission that he did not know whether Gentile had a basis to speak about promotions. Meanwhile, the District Court had to divine Ramirez's most on-point new facts—Gentile and Mayor Lora's alleged 2020 friendship and the second-hand account by another colleague—from Ramirez's deposition transcript, as Ramirez's response in opposition simply realleged the fall 2017 statement.

That trend continues on appeal. Ramirez identifies no instances where the District Court downplayed, ignored, or otherwise mishandled his evidence about the fall 2017 statement. Nor does he contest the District Court's understanding of his deposition answers forswearing any personal knowledge of Gentile's potential basis for making the fall 2017 statement. Instead, Ramirez's argument rests on supposed discrepancies between Gentile's and Guzman's affidavits and their prior sworn testimony, along with

---

[4] Ramirez argues on appeal that the District Court unfairly reopened discovery only for Mayor Lora and the City. In support, he contends that re-deposing Gentile may not have been helpful, since Gentile would deny that the fall 2017 conversation took place. While reopening fact discovery was at Mayor Lora's and the City's option, once reopened it was confined only by the subject matter discussed in the District Court's order. Ramirez was free to pursue relevant evidence on that topic in whatever manner he wished.

rhetorical musings on other questions a juror might ask about that evidence. This, Ramirez contends, shows that the District Court improperly made credibility determinations about Gentile and Guzman that should have been left to a jury. We disagree.

For an issue on which the nonmoving party bears the burden of proof, a party moving for summary judgment may demonstrate "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If that demonstration is made, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, the nonmoving party must present sufficient evidence for a jury to return a verdict in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986). Evidence that is merely colorable or not significantly probative will not foreclose summary judgment. *Id.*

Ramirez's claims narrowly survived the first summary judgment motion thanks to his last-minute affidavit alleging the existence of the fall 2017 conversation. The District Court gave Ramirez a chance to produce some evidence, *any* evidence, that could firm up or corroborate his story. Ramirez declined. The resulting situation was not one in which the District Court was confronted by competing evidence on both sides, where the summary judgment posture would compel a ruling for the nonmoving party. Rather, the District Court was presented with *some* evidence from Mayor Lora and the City—suggesting that the fall 2017 conversation didn't happen, but that even if it did it would have reflected rumor and opinion, rather than facts about Mayor Lora's motivation—and

8

*no* probative evidence from Ramirez to the contrary. Ramirez's approach on appeal, asking rhetorical questions to raise metaphysical doubts about Mayor Lora's and the City's evidence, underscores his failure to present sufficient evidence to defeat the motion before the District Court.[5]

Ramirez also argues that the District Court disregarded his assorted evidence that could show that Mayor Lora's and the City's stated reasons for non-promotion were pretextual, and that this evidence, too, should have gone to a jury. But as the District Court explained, such evidence becomes material only if a prima facie case is made. Ramirez directs our attention to precedent for the proposition that a showing of pretext can support a jury's ultimate finding of retaliation. True enough. But those cases also make clear that there is no shortcut across our familiar burden-shifting framework, and that a plaintiff must still clear the hurdle of making out a prima facie case. *See, e.g.*, *Burton v. Teleflex Inc.*, 707 F.3d 417, 427 (3d Cir. 2013) (holding that a reasonable showing of pretext *combined with a prima facie case* may be enough to survive summary judgment); *Smith v. Borough of Wilkinsburg*, 147 F.3d 272, 280 (3d Cir. 1998) (holding the same in the jury instruction context). Pursuant to its finding that Ramirez failed to make out a prima facie case, the District Court correctly concluded that his pretext evidence was not relevant.

We agree with the District Court that Ramirez failed to demonstrate a genuine

---

[5] Although captured in his statement of issues, Ramirez's opening brief does not specifically contest the District Court's grant of summary judgment to the City on his respondeat superior claim against it. His passing reference is insufficient to raise this issue on appeal. *See Geness v. Cox*, 902 F.3d 344, 355 (3d Cir. 2018).

dispute of material fact as to his prima facie case of political retaliation. We will therefore affirm the District Court's summary judgment.

B

Ramirez also contests a discovery ruling made by the Magistrate Judge earlier in the proceeding. But Ramirez never objected to or appealed that order before the District Court. Accordingly, he has forfeited this non-dispositive issue, and we will not consider it in the first instance. *See Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist.*, 877 F.3d 136, 147 (3d Cir. 2017).

III

For all these reasons, we will affirm the District Court's summary judgment.